**Cite as: Opinion No. 00-031  (December 18, 2000)**
**(unpublished)**

**PHYSICIANS ) TORTS ) IMMUNITY ) VOLUNTEER PHYSICIAN
NOT REQUIRED TO CARRY LIABILITY INSURANCE TO
QUALIFY FOR STATUTORY IMMUNITY**

December 18, 2000

*The Honorable Jean W. Roesser*
*State Senate*

You have requested an opinion as to whether a volunteer retired physician who renders health care through a charitable organization is required to carry liability insurance for simple negligence.

You note that Annotated Code of Maryland, Courts & Judicial Proceedings Article ("CJ"), §5-606(b), provides that such a physician "is not liable, for any amount in excess of any applicable limit of insurance coverage" for any act or omission related to providing such services unless the conduct involves gross negligence, an intentional tort, or "willful or wanton misconduct." You question whether the reference to "any applicable limit of insurance coverage" implies a requirement that the physician carry liability insurance to obtain the benefit of the immunity conferred by the statute.

In a recent letter of advice, Assistant Attorney General Kathryn M. Rowe addressed the question that you have posed. Letter to Senator Donald F. Munson (March 10, 2000). A copy of that letter is attached. Ms. Rowe concluded that CJ §5-606(b) does not require that a volunteer physician carry insurance, but simply provides that, if there is insurance, the immunity provided by the statute applies only to amounts in excess of the limits of that insurance. We have carefully reviewed Ms. Rowe's analysis and agree with that conclusion.[1]

Very truly yours,

J. Joseph Curran, Jr.

---

[1]Since that letter was written, the only amendment to CJ §5-606 has been a stylistic change in the annual corrective bill. Chapter 61, Laws of Maryland 2000. That amendment has no bearing on the question you have posed.

Attorney General


Robert N. McDonald
Chief Counsel
 Opinions & Advice

For a copy of the attachment e-mail: opinions@oag.state.md.us